E-filing

RECEIVED 03 MAY 14 AM 10:01 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

Elizabeth Chandler, DC Bar No. 452673
Karen Kenmotsu, NJ Bar No. 0056415
Gretchen L. Lowe, DC Bar No. 421995
Commodity Futures Trading Commission
1155 21st St. N.W.
Washington, D.C. 20581
Telephone (202) 418-5380
Facsimile (312) 418-5531

Bernard John Barrett, CA Bar. No. 165869
Murdock Plaza
10900 Wilshire Boulevard
Suite 400
Los Angeles, CA
310-443-4700
310-443-4745 (fax)

Attorneys for Plaintiff Commodity Futures Trading Commission

ORIGINAL FILED

MAY 15 2003

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Commodity Futures Trading Commission,<br><br>Plaintiff,<br><br>vs.<br><br>DBS Capital, Inc. and Douglas Stevens,<br><br>Defendants. | **Case No. C-03-1379-VRW**<br>**~~Proposed~~ Consent Order of Preliminary Injunction and other Equitable Relief** |

On March 31, 2003, Plaintiff, the Commodity Futures Trading Commission ("Commission"), filed a complaint for permanent injunction and other equitable relief against Defendants DBS Capital, Inc. ("DBS") and Douglas Stevens ("Stevens") (collectively, "Defendants") for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. § 13a-1 (2001) et seq., and the Commodity Futures Trading Commission's Regulations promulgated thereunder ("Regulations"), 17 C.F.R. §§ 1 et seq. (2002). Defendants, without

admitting or denying the allegations of the Complaint, for the purpose of this Consent Order of Preliminary Injunction and Other Equitable Relief ("Order"), except as to jurisdiction and venue, which they admit, consent to the entry of this Order and state that this consent is entered into voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce them to consent to this Order.

## I.

## *Jurisdiction and Venue*

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

A. This Court has jurisdiction over Defendants and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. §13a-1(2001), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

B. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. §13a-1(e) (2001), in that Defendants are found, inhabit or transact business in this district, and the acts and practices in violation of the Act have occurred, are occurring or are about to occur within this district.

## II.

## RELIEF GRANTED

### *Prohibition Against Violations of the Act and Regulations*

**IT IS HEREBY ORDERED that:**

Defendants and all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Defendants, and all persons insofar as they are acting in active concert or participation with Defendant who receive actual notice of this order by personal service or otherwise, shall be prohibited and restrained from directly or indirectly:

1. in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other persons, where such contract for future delivery was or could be used for (A) hedging any transaction in interstate commerce in such commodity or the products or byproducts thereof, or (B) determining the price basis of any transaction in interstate commerce in such commodity, or (C) delivering any such commodity sold, shipped, or received in interstate commerce for the fulfillment thereof,

(i) cheating or defrauding or attempting to cheat or defraud other persons;

(ii) willfully making or causing to be made to other persons false reports or statements, or willfully entering or causing to be entered for other persons false records in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person; and

(iii) willfully deceiving or attempting to deceive other persons

in violation of Section 4b(a)(2)(i)-(iii) of the Act, 7 U.S.C. §§ 6b(a)(2)(i)-(iii) (2001); and Regulations 1.1(b)(1)-(3), 17 C.F.R. §1.1(b)(1)-(3) (2002).

2. offering to enter into, entering into, executing, confirming the execution of, or conducting business for the purpose of soliciting, accepting any order for, or otherwise dealing in any transaction in, or in connection with, a contract for the purchase or sale of a commodity for future delivery, when: (a) such transactions have not been conducted on or subject to the rules of a board of trade which has been designated or registered by the CFTC as a contract market or derivatives

transaction execution facility for such commodity; (b) such contracts have not been executed or consummated by or through a member of a contract market in violation of Section 4(a) of the Act, 7 U.S.C. § 6(a) (2001).

3. Defendants and any other person or persons acting in concert or participation with Defendants, are prohibited from soliciting new customers or otherwise soliciting, accepting or receiving funds or other property from an existing or prospective participant in any investment relating to commodity futures contracts and, in particular, foreign currency contracts.

### III.

### *Repatriation of Funds and Liquidation of Trading Accounts*

**IT IS FURTHER ORDERED that:**

Defendants and any person acting in concert or participation with the Defendants shall:

A. Provide the Commission with a full accounting, within five business days of the issuance of this Consent Order, listing all assets and funds received from clients and the use of, or current location of, all such funds, except to the extent that all of the documents necessary to produce such an accounting are already in the possession of the San Francisco District Attorney's office;

B. Provide the Commission with a list containing the names, addresses, and telephone numbers of all of the Defendants' clients, except to the extent that all of the documents necessary to produce such an accounting are already in the possession of the San Francisco District Attorney's office;

C. Transfer the Defendants' foreign-held assets and all assets and documents relating to Premier Trading Group to the United States;

D. Sign consents to the release of Defendants' and Premier Trading Group's financial records that waive foreign bank secrecy laws; and

E. Authorize the immediate liquidation of all of the Defendants' and Premier Trading Group's trading accounts.

## IV.

## *Living Expenses and Attorney's Fees*

IT IS FURTHER ORDERED that:

With respect to any income earned by Defendant Stevens after the entry date of this Order, Defendant Stevens may:

A. Spend monthly not more than $2500 on ordinary and reasonable living expenses; and

B. Spend monthly not more than $2500 to pay for legal representation in this matter.

However, before Defendant Stevens may utilize any of the income referenced above, the Commission must first verify that the assets are derived from a source that is independent from the illegal activity alleged in the Complaint in this matter. All of Defendant Stevens' income in excess of the monthly living allowance and attorney's fees will either be deposited in a new bank account used solely for this purpose or in a client trust account maintained by his counsel. Defendant Stevens will provide plaintiff's counsel with copies of monthly statements for this account.

## V.

## *Bond Not Required of Plaintiff*

**IT IS FURTHER ORDERED** that:

Plaintiff Commission is an agency of the United States of America and, accordingly, the Commission need post no bond.

## VI.

### *Force and Effect*

**IT IS FURTHER ORDERED** that:

This Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes. The *Ex Parte* Statutory Restraining Order previously ordered by the Court as to Defendants shall remain in full force and effect until further order of this Court.

**SO ORDERED**, at San Francisco, California ~~on~~ this 15 day ~~of April~~ May, 2003, at ___.m.

Vaughn R. Walker
UNITED STATES DISTRICT JUDGE

Consented to and
Approved for entry by:

**Counsel for Defendants:**

Pamela R. Davis
Pamela Davis, Esq.
*Counsel for Defendant Douglas Stevens*

Pamela R. Davis
Pamela Davis, Esq.
*Counsel for Defendant DBS Capital, Inc.*

**Counsel for the Plaintiff:**

Karen Kenmotsu
Elizabeth Chandler
Karen Kenmotsu
Commodity Futures Trading Commission
Division of Enforcement
1155 21st Street, N.W.
Washington, D.C. 20581
(202) 418-5320
(202) 418-5531 (fax)
*Counsel for Plaintiff Commodity Futures Trading Commission*